Lord v Cabbagestalk (2026 NY Slip Op 50327(U))

[*1]

Lord v Cabbagestalk

2026 NY Slip Op 50327(U)

Decided on March 2, 2026

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 2, 2026
Supreme Court, Westchester County

Sheryl K. Lord, Plaintiff,

againstRenee L. Maceden Cabbagestalk, CHRISTINE SAWYER, CHRISTINE L. WALKER, INDIVIDUALLY AND IN HER CAPACITY AS EXECUTOR OF THE ESTATE OF BEVERLY A. WALKER, BRENDA L. OCTAVE, Defendants.

Index No. 71227/2024

Sheryl K. LordBoone Law, PLLCAttorneys for Defendants 
630 Mclean Avenue Suite 1F 
Yonkers, NY 10705

Linda S. Jamieson, J.

The following papers numbered 1 to 2 were read on this motion:
Papers       
NumberedNotice of Motion, Affirmation and Exhibits 1Letters and Amended Notice of Motion 2
The Court has before it plaintiff's motion to amend her complaint to "permit (1) An [*2]accounting and audit of estate-related and jointly held financial accounts from 2002 to present; and (2) Review and investigation of the disposition, management, and transfers of funds, including but not limited to: a $10,000 transaction, and a joint account held in the names of the decedent and related parties." 
In support of her motion, plaintiff states that "I recently became aware that I have the legal right to seek an accounting and audit covering the period from 2002 to present, including transactions and joint accounts relevant to the estate." She claims that she attempted to get her prior counsel to pursue this relief, but that he refused to do so. Plaintiff also claims that "[t]he requested amendment does not introduce new parties or causes of action, but rather seeks necessary financial review to ensure accuracy, fairness, and compliance with fiduciary duties." Despite service by NYSCEF on counsel for defendants, defendants failed to oppose the motion. 
Putting aside the fact that the original complaint does appear to seek an accounting in the relief sought, the Court must deny the motion for two reasons. First, plaintiff cannot seek an accounting beyond the six-year statute of limitations, Matter of Sassouni, 224 AD3d 693, 695, 206 N.Y.S.3d 85, 88 (2d Dept. 2024), which means that she cannot go back beyond September 2018. Anything that occurred between 2002 and 2018 cannot be explored in this litigation. This makes the proposed amendment "palpably insufficient or patently devoid of merit." Drice v. Queens Cnty. Dist. Att'y, 136 AD3d 665, 666, 23 N.Y.S.3d 896, 897 (2d Dept. 2016).
Second, it is long established that a motion to amend a pleading must include a copy of the proposed pleading. CPLR § 3025(b). Plaintiff failed to do so, which requires the Court to deny the motion. Nossov v. Hunter Mountain, 185 AD3d 948, 949, 128 N.Y.S.3d 532, 534 (2d Dept. 2020) ("The plaintiff was not entitled to relief pursuant to CPLR 3025(b) for leave to amend the summons, complaint, and caption to add HMSB as a defendant, since he did not provide a copy of his proposed amended summons and complaint, and the proposed amendments were palpably insufficient or patently devoid of merit."). 
Accordingly, the motion is denied in its entirety.
The foregoing constitutes the decision and order of the Court.
Dated: March 2, 2026White Plains, New YorkHON. LINDA S. JAMIESONJustice of the Supreme Court